FILED

OCT 11 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NICHOLAS JAMES QUEEN, SR.      )
                               )
        Plaintiff,             )
                               )
v.                             )   Civil Action No. 05-1844
                               )
THE FEDERAL BUREAU OF PRISONS, )
                               )
        Defendant.             )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon consideration of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. Plaintiff is an inmate at the United States Penitentiary in Lewisburg, Pennsylvania. He alleges that the Bureau of Prisons improperly transferred him to serve a state sentence pursuant to a detainer prior to the service of his federal sentence. As a result, plaintiff claims, BOP has altered the judgment of the sentencing court.

Under Title 28 U.S.C. § 1404(a) a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

Even though a court should typically give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper*

*Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001). Moreover, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974)(en banc).

Plaintiff is challenging BOP's determination of the length and service of his sentence. Those records as well as the witnesses necessary to testify about them would likely be in Pennsylvania, his place of incarceration. The case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C. *See Starnes*, 512 F.2d at 932-33. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F.Supp.2d at 66.

There is an additional reason to transfer this case. Habeas corpus is the exclusive remedy for a federal prisoner bringing a claim that would have a "probabilistic impact" upon the duration of his custody. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988)(en banc); *see also Bourke v. Hawk-Sawyer*, 269 F.3d 1072, 1073 (D.C. Cir. 2001). Since plaintiff's claim, if successful, would result in the reduction of his sentence, he can only seek relief through a habeas petition. *See id.* at 1074.

Habeas corpus jurisdiction resides in the district court where the prisoner is incarcerated at the time the petition is filed. *Padilla v. Rumsfeld*, 124 S.Ct. 2711, 2718 (2004); *Chatman-Bey*, 864 F.2d at 806 n.1. The warden where the petitioner resides is the custodian for purposes of habeas jurisdiction. *Stokes v. U.S. Parole Com'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004) ; *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). Thus, the proper venue for these claims is the Middle District of Pennsylvania. Accordingly, it is

ORDERED that the case is **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania. Whether plaintiff should be allowed to proceed *in forma pauperis* is a matter to be determined by the transferee court.

                                                                                United States District Judge

Dated: 10/5/05